**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

      v.

CHRISTOPHER CLOSE,
          *Defendant*,

      and

LOST CREEK TRUST,
          *Claimant-Appellant.*

No. 18-30122

D.C. No.
2:03-cr-00069-
EJL-1

ORDER

Filed August 9, 2019

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and C. Ashley Royal,[*] District Judge.

---

[*] The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

## SUMMARY**

### Fed. R. App. P. 40(a)

The panel filed an order granting a motion to reconsider its denial of petitions for panel rehearing and rehearing en banc as untimely, ordered the petitions filed, and withdrew the mandate, in a case in which this court on May 13, 2019, affirmed the  district court's final order in a third-party proceeding ancillary to a criminal forfeiture action.

The panel held that an appeal from a third-party proceeding ancillary to a criminal forfeiture action should be treated as a civil appeal for purposes of determining the deadline to file a petition for panel rehearing or rehearing en banc under Fed. R. App. P. 40(a).

### COUNSEL

Arthur M. Bistline, Bistline Law PLLC, Coeur d'Alene, Idaho, for Claimant-Appellant.

William Humphries and Kevin T. Maloney, Assistant United States Attorneys; Bart M. Davis, United States Attorney; Office of the United States Attorney, Boise, Idaho; for Plaintiff-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We are presented with the issue whether an appeal of a third-party proceeding ancillary to a criminal forfeiture action should be treated as a "civil" or "criminal" case for purposes of determining the deadline to file a petition for panel rehearing or rehearing en banc under Federal Rule of Appellate Procedure 40(a). In a similar context, we have held that for purposes of determining the timeliness of an appeal related to a third-party petition to amend a criminal forfeiture order, the third-party proceeding will be considered "civil in nature." *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 n.4 (9th Cir. 1996). We see no reason to depart from that approach in this context. We therefore hold that an appeal from a third-party proceeding ancillary to a criminal forfeiture action should be treated as a civil appeal for purposes of applying Rule 40(a).

Accordingly, Appellant Lost Creek Trust's motion to reconsider (Dkt. No. 34) is **GRANTED**. The mandate is withdrawn. Appellant Lost Creek Trust's petitions for panel rehearing and rehearing en banc (Dkt. No. 30) are ordered filed. The clerk shall circulate the petition for rehearing en banc to the whole court.